Entered on Docket
May 31, 2022
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



The following constitutes the order of the Court.
Signed: May 31, 2022

_____
**M. Elaine Hammond**
**U.S. Bankruptcy Judge**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>MARTA D. SAVIC,<br><br>　　　　　　　Debtor. | Case No. 21-50192 MEH<br><br>Chapter 7 |

## ORDER DENYING REQUEST FOR RELIEF

Debtor Marta Savic filed a Motion to Challenge Unclean Hands of the Trustee for the Existing Chapter 7 (Dkt. # 107) (the "Motion"). In the Motion, Debtor asserts Christopher Hayes, Chapter 7 Trustee, committed perjury by making false statements to the bankruptcy court. Debtor requests relief in the form of removal and replacement of the trustee. Debtor did not notice the Motion, but Trustee filed an opposition (Dkt. # 114). After review of the pleadings, I found this matter appropriate for resolution on the pleadings. Based on Debtor's request for relief the Motion is interpreted as a request to remove the trustee pursuant to 11 U.S.C. § 324(a).

Section 324 provides that after notice and a hearing, a may remove a trustee "for cause." 11 U.S.C. § 324(a). "Removal of a trustee is an extreme remedy." *In re Log & Conventional Homes, Inc.*, 2011 WL 7145883, at *4 (B.A.P. 9th Cir. Dec. 22, 2011), *aff'd*, 523 F. App'x 440 (9th Cir. 2013) (citations omitted). If a trustee is removed for

1

cause, then that trustee is removed from all cases in which the trustee is then serving. 11 U.S.C. § 324(b).

Cause for removal of a trustee is not defined in the Bankruptcy Code. Removal of a Trustee is left to the sound discretion of the bankruptcy judge, applying a totality of the circumstances analysis. *See In re AFI Holding, Inc.*, 355 B.R. 139, 148 (B.A.P. 9th Cir. 2006), *aff'd and adopted*, 530 F.3d 832 (9th Cir. 2008). "It is well established that 'cause' may include trustee incompetence, violation of the trustee's fiduciary duties, misconduct or failure to perform the trustee's duties, or lack of disinterestedness or holding an interest adverse to the estate." *AFI Holding, Inc.*, 355 B.R. at 148. Cause must be supported by "specific facts," and the party seeking removal has the burden to prove them. *Id*.

Debtor's assertion is that Trustee made false statements to the court about Debtor's actions. Debtor disputes the second paragraph of the status conference statement prepared by Trustee, filed on October 13, 2021 (Dkt. # 45). It provides:

> To date, I have not received a copy of the Debtor's state or federal tax returns, profit and loss statement, balance sheet, proper income verification, or Plan filed (June 30, 2021 deadline). In addition, DIP bank accounts have not been opened, Debtor's original counsel has withdrawn (with no replacement), the last Monthly Operating Report filed was May 2021, and there have been eight Meetings of Creditors.

Debtor disputes this paragraph, arguing that she provided state and federal tax returns, profit and loss statement, balance sheet, or proper income verification. Trustee disputes this information was received. Debtor did not offer any evidence in support. This was only one of the issues then before the court. After the status conference statement was filed, Debtor filed the operating reports due for June, July, and August 2021. Thus, they were not filed at the time of Trustee's status conference statement, and nevertheless, the operating reports support Trustee's statement that Debtor had not opened a DIP bank account.

Subsequent to the status conference, I issued an order to show cause and set it for hearing. Debtor did not respond or appear at the hearing. As a result, Debtor's case was converted to Chapter 7 based on the failure to file a Subchapter V plan within the time periods required by the Bankruptcy Code.

Debtor has not established the documents she asserts were in Trustee's possession were provided to Trustee. Nor has she provided specific facts for cause to remove Trustee. As such, Debtor's Motion is DENIED.

\*\*END OF ORDER\*\*

COURT SERVICE LIST

**Via ECF:**

All ECF Recipients

**Via Mail:**

Marta D Savic

1885 Guinda St

Palo Alto, CA 94303