Charles P. Maher, State Bar No. 124748
RINCON LAW, LLP
268 Bush Street, Suite 3335
San Francisco, CA 94104
Telephone No.: 415-840-4199
Facsimile No.: 415-680-1712
Email: cmaher@rinconlawllp.com

Counsel for Christopher Hayes,
Chapter 7 Trustee

UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

In re

    MARTA D. SAVIC
      *aka* MARTA SAVIC
      *aka* MARTA DRAGUTIN SAVIC,

    Debtor.

Case No. 21-50192 MEH
Chapter 7
Hon. M. Elaine Hammond

[No Hearing Required Unless Requested]

## MOTION FOR ORDER CONFIRMING ABANDONMENT OF INTANGIBLE ASSET

    Christopher Hayes, Chapter 7 Trustee of the estate of the above Debtor, files this motion for an order confirming abandonment of all of the estate's right, title, and interest in certain shares identified by the Debtor in her Schedule B. The Schedule B describes the asset as 192,000 shares in AMEC China, which is the employer of the Debtor's husband. The Debtor attributed a value of $0 to the shares. The Debtor later attributed a value of $4,419,298 to the shares.

    The ownership of the shares derives from the employment of the Debtor's husband, Dragan Podlesnik, with Advanced Micro-Fabrication Equipment, Inc., China ("AMEC"). The Debtor and her husband provided some vague information about the shares in AMEC, which prompted the Trustee to communicate with AMEC's general counsel. AMEC is a Chinese corporation.

    General counsel for AMEC described to the Trustee that it was his understanding that, at some point in the past (2017 or 2018), Mr. Podlesnik had entered into an agreement to sell all of his

shares in AMEC and a related entity Lumiao Zhao for a specified sum of money. AMEC's general counsel provided documentation of the assignment and evidence that some of the consideration had been paid. General counsel did not know whether all of the purchase price had been paid; as a result, the Trustee could not conclude that the estate no longer had any interest in either the shares or unpaid consideration.

The Trustee communicated with Mr. Podlesnik to obtain more information about the shares and whether the bankruptcy estate maintained any ownership interest in them. Mr. Podlesnik did not provide specific information.

On November 7, 2022, AMEC and Mr. Zhao filed a complaint for declaratory relief that the estate did not own any interest in the AMEC shares or related shares and neither did the Debtor or Mr. Podlesnik. It is apparent to the Trustee now that Mr. Zhao did pay the consideration and that AMEC is acknowledging that Mr. Zhao is the owner of the shares. The Trustee has asked Mr. Podlesnik to provide sufficient evidence to show that AMEC and Mr. Zhao are incorrect. He has failed to provide any evidence that the estate had an interest in the shares as of the bankruptcy petition date.

Based on the Trustee's investigation, he has concluded that the estate no longer has any interest in the AMEC shares and that the alleged interest in them should be abandoned under Section 554(a) of the Bankruptcy Code as burden on the estate or as being of inconsequential value to the estate.

Concurrent with the filing of this motion, the Trustee is providing notice that he is seeking authority to stipulate to an order or declaratory judgment in the adversary proceeding (after the abandonment is effective) that the estate has no interest in the shares.

WHEREFORE, the Trustee requests an order authorizing the relief described above.

DATED: December 13, 2022  RINCON LAW, LLP

By: /s/Charles P. Maher
Charles P. Maher
Counsel for Christopher Hayes,
Chapter 7 Trustee