```
Charles P. Maher, State Bar No. 124748
RINCON LAW, LLP
268 Bush Street, Suite 3335
San Francisco, CA 94104
Telephone No.: 415-840-4199
Facsimile No.:  415-680-1712
Email: cmaher@rinconlawllp.com

Counsel for Christopher Hayes,
Chapter 7 Trustee
```

UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re<br><br>    MARTA D. SAVIC<br>        *aka* MARTA SAVIC<br>        *aka* MARTA DRAGUTIN SAVIC,<br><br>            Debtor. | Case No. 21-50192 MEH<br>Chapter 7<br>Hon. M. Elaine Hammond<br><br>[No Hearing Required Unless Requested] |

**MOTION FOR ORDER AUTHORIZING SALE OF REAL PROPERTY
<u>SUBJECT TO OVERBID</u>**

Christopher Hayes, Chapter 7 Trustee of the estate of the above Debtor, files this motion for an order authorizing him to sell the estate's right, title and interest in and to the real property commonly known as 1885 Guinda Street, Palo Alto, California ("Property") to Eric Gordon or his designee ("Buyer") for $3,799,000, subject to Bankruptcy Court approval and the opportunity for other interested parties to submit qualified overbids, as described in more detail below.

The Property is the Debtor's residence, which she scheduled as having a value of $4,260,749. The Property is subject to an allowed homestead exemption in the amount of $600,000. It is subject to a first priority deed of trust in favor of US Bank, trustee, that secures a debt in estimated amount of $2.4 million. The current amount due at closing will be paid from escrow. The Property is further subject to a judgment lien in favor of Jennifer Kirkley that secures an estimated $140,000 in debt

and a judgment lien in favor of Equitable Ascent Financial that secured an estimated $9,000 in debt. The debts secured by the two judgment liens will be paid from escrow. The Trustee also intends to reimburse his brokers from escrow for the cost of removal of personal property up to an estimated $10,000.

Based on the advice of his brokers, the Trustee believes that the proposed purchase price represents the fair market value of the Property. To test that conclusion, the Trustee accepted the offer subject to higher and better bids as described below.

The Trustee has employed RE/MAX Gold and Decker Bullock Dreyfus, Inc. *dba* Golden Gate Sotheby's International Realty as his broker in connection with the marketing and sale of the Property. The Trustee intends to pay a real estate commission equivalent to five percent of the ultimate sales price. The commission will be divided between RE/MAX Gold (1.25 percent) and Decker Bullock Dreyfus, Inc. *dba* Golden Gate Sotheby's International Realty (1.25 percent) and the Buyer's broker (or the broker of a successful overbidder if there is an auction) (2.5 percent).

The Trustee has given the Buyer "overbid protection" of $76,000, which means that the minimum acceptable overbid is $3,875,000. Overbidders must be prepared to close escrow within 30 days after entry of a Bankruptcy Court order authorizing the sale. Anyone who wishes to submit an overbid should contact Margot Lockwood of Sotheby's (650-400-2528; *homes@margotlockwood.com*) as soon as possible to arrange for and complete inspections before submitting an overbid because the Trustee expects overbids to be submitted without inspection or loan contingencies.

A qualifying overbid must be presented in writing, must be in the amount of $3,875,000 or more, must contain no inspection or financing contingencies, must be supported by evidence of financial ability to close escrow, and must be accompanied by a cashier's check deposit in the amount of $113,970 payable to "Christopher Hayes, Chapter 7 Trustee, Case 21-50192 MEH." The required deposit is equivalent to the Buyer's deposit. Qualifying overbids must be submitted to the Trustee in care of his counsel at the address below no later than **February 23, 2023.**

If one or more qualifying overbids is received by the deadline, the Trustee will schedule an auction to which all qualifying overbidders and the Buyer will be invited. The auction will be held

by video conference or by telephone at a time chosen by the Trustee. The Trustee will make an effort to schedule the auction at a time and date convenient for the Buyer and overbidders.

Overbidders should be prepared to engage in bidding in increments of no less than $10,000. The Trustee will announce additional auction terms at the auction. The Trustee will conduct the auction and will select the highest and best bid in the exercise of his sole discretion. He will present the winning bid to the Bankruptcy Court for approval and will return the deposits of unsuccessful bidders promptly. The deposit of the successful bidder will be retained and applied to the purchase price. The deposit of the successful bidder will become non-refundable upon entry of an order of the Bankruptcy Court authorizing the Trustee to complete the sale, provided that no legal impediment prevents the Trustee from conveying title. If no overbid is received, the Trustee will present the Buyer's offer described above to the Bankruptcy Court for approval. If the successful bid is submitted by someone other than the Buyer, the Buyer will be entitled to reimbursement of actual expenses incurred up to a maximum of $10,000 upon submission of adequate documentation that is approved by the Trustee.

The Court may authorize the Trustee to sell property of the estate on adequate notice under 11 U.S.C. § 363(b). The proper standard for a court to use when considering a proposed motion to sell assets is the business judgment test. *Equity Sec. Holders v. Lionel Corp. (In re Lionel)*, 722 F. 2d 1063 (2nd Cir. 1983). It is this standard that has been adopted by the vast majority of Courts. *In re Gulf States Steel, Inc. of Ala.*, 285 B.R. 497, 515 (Bankr. N.D. Ala. 2002).

> Under this standard, the Trustee has the burden to establish sound business reasons for the terms of a proposed sale. Factors for the Court to consider in whether to approve the sale include: (1) any improper or bad faith motive, (2) price is fair and the negotiations or bidding occurred at arms-length, (3) adequate procedure, including proper exposure to the market and accurate and reasonable notice to all parties in interest. The Trustee is responsible for the administration of the estate and his or her judgment on the sale and the procedure for the sale is entitled to respect and deference from the Court, so long as the burden of giving sound business reasons is met. *In re Bakalis*, 220 B.R. 525, 531-32 (Bankr. E.D.N.Y. 1998) (noting discretion accorded to trustee with regard to sale of assets).

285 B.R. at 514.

The transaction must make good business sense and the creditors as a whole should benefit. *In re UAL Corp.*, 443 F. 3d 565, 571 (7th Cir. 2006).

> The "business judgment" test, as it is sometimes called, differs from the business judgment rule under corporate law. *3 Collier in Bankruptcy* ¶ 363.02[4] at 363-18 (*Alan and Resnick and Henry J. Sommer*, eds., 16th ed. 2012). The bankruptcy court reviews the trustee's business judgment "to determine independently whether the judgment is a reasonable one." *Id.* At the same time, the court "should not substitute its judgment for the trustee's." *Id.* A trustee has considerable discretion when it comes to the sale of estate assets, and that discretion is entitled to "great judicial deference" as long as a sound business reason is given. *In re State Park Bldg. Grp. Ltd.*, 331 B.R. 251, 254 (Bankr. N.D. Tex. 2005); *In re Murphy*, 28 B.R. 1, 5 (Bankr. D. Me. 2002); In re *In re Gulf States Steel, Inc. of Ala.*, 285 B.R. 497, 516 (Bankr. N.D. Ala. 2002).

*In re Efoora, Inc.*, 472 B.R. 481, 488 (Bankr. N.D. Ill. 2012).

In analyzing the proposed sale, the Court must consider whether the sale is in the best interests of the estate, based on the facts and history of the case. *In re America West Airlines*, 166 B.R. 908, 912 (Bankr. D. Ariz. 1994) (citing *In re Lionel Corp.*, 722 F. 2d 1063, 1071 (2nd Cir. 1983)). The courts examined the "business justification" for the proposed sale. *In re Wilde Horses Enterprises, Inc.*, 136 B.R. 830 (Bankr. C.D. Cal. 1991) (citing *In re Lionel Corp.*, 722 F. 2d 1063, 1071 (2nd Cir. 1983)). The Trustee has broad power under Section 363 to sell property of the estate and the manner of sale is within the discretion of the trustee. *In re The Canyon Partnership*, 55 B.R. 520, 524 (Bankr. S.D. Cal. 1985).

WHEREFORE, the Trustee requests an order authorizing the relief described above.

DATED: January 23, 2023   RINCON LAW, LLP

By: */s/Charles P. Maher*
Charles P. Maher
Counsel for Christopher Hayes,
Chapter 7 Trustee